# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL S. JONES JR.,

  *Plaintiff,*

v.

CHAD CUTSHALL, D. SCHROTT,
DAVE WEBER, SERGEANT GREENWALT,
JESSE ANDRASCIK, JOHN D'ANGELO,
JOHN PIENDEL, MARK FALCONE,
FNU NARDUCCI, WILLIAM WAGNER,
CAPTAIN YOUNG, and FRANK CHRONISTER,

  *Defendants.*

Civil Action No. 2:21-cv-1519

**JURY TRIAL DEMANDED**

Magistrate Judge: Lisa Pupo Lenihan

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)



**FILED**

MAY 1 2 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    Carl S. Jones Jr.

All other names by which
you have been known:    Not Applicable ("N/A" hereinafter)

ID Number    QK9540

Current Institution    SCI-Coal Township

Address    1 Kelley Drive

Coal Township    PA    17866
*City*      *State*      *Zip Code*

### B. The Defendant(s)   See pages 12-14 also.

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name    Chad Cutshall

Job or Title *(if known)*    Correctional Officer

Shield Number

Employer    Allegheny County Jail

Address    950 Second Avenue

Pittsburgh    PA    15219
*City*      *State*      *Zip Code*

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name    D. Schrott

Job or Title *(if known)*    Correctional Officer

Shield Number

Employer    Allegheny County Jail

Address    950 Second Avenue

Pittsburgh    PA    15219
*City*      *State*      *Zip Code*

☑ Individual capacity    ☑ Official capacity

Defendant No. 3

Name — Dave Weber

Job or Title *(if known)* — Correctional Officer

Shield Number

Employer — Allegheny County Jail

Address — 950 Second Avenue

Pittsburgh    PA    15219
City    State    Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 4

Name — Greenwalt

Job or Title *(if known)* — Sergeant/Correctional Officer

Shield Number

Employer — Allegheny County Jail

Address — 950 Second Avenue

Pittsburgh    PA    15219
City    State    Zip Code

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See pages 15-17.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See page 18.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Allegheny County Jail: 10/25/19-11/6/19; 6/15/21; 7/18/21-8/2/21.

4 of 27

C. What date and approximate time did the events giving rise to your claim(s) occur?

10/25/19 - 11/6/19; 6/15/21; and 7/18/21 - 8/2/21.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See pages 19-25.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See page 26.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See page 27.

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Allegheny County Jail ("ACJ" hereinafter).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

N/A

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.     If you did file a grievance:

1.     Where did you file the grievance?

At the ACJ.

2.     What did you claim in your grievance?

Procedural Due Process Errors-U.S. CONST. amend. XIV.

3.     What was the result, if any?

None.

4.     What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Administrative Remedies are Completely Exhausted.

F.   If you did not file a grievance:

  1.   If there are any reasons why you did not file a grievance, state them here:

  N/A

  2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

  N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

  N/A

  *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

  N/A

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
Plaintiff(s)    N/A
Defendant(s)   N/A

2.  Court *(if federal court, name the district; if state court, name the county and State)*
N/A

3.  Docket or index number
N/A

4.  Name of Judge assigned to your case
N/A

5.  Approximate date of filing lawsuit
N/A

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.   N/A

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)   Carl S. Jones Jr., et. al.

   Defendant(s)   County of Allegheny, and Orlando Harper.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   U.S. District Court-Western District of PA.

3. Docket or index number

   2:21-cv-1094

4. Name of Judge assigned to your case

   Lisa Pupo Lenihan

5. Approximate date of filing lawsuit

   8/10/21.

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Currently pending.

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  5/9/22

| | |
|---|---|
| Signature of Plaintiff | Earl S. Jones Jr. |
| Printed Name of Plaintiff | Carl S. Jones Jr. |
| Prison Identification # | QK9540 |
| Prison Address | 1 Kelley Drive |
| | Coal Township        PA        17866 |
| | City                State        Zip Code |

### B.  For Attorneys

Date of signing:  _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City                State        Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |

11 of 27

# I.(B.) THE DEFENDANTS

Defendant No. 5

    Name: Jesse Andrascik

    Job or Title: Sergeant/Correctional Officer

    Shield Number:_____

    Employer: Allegheny County Jail

    Address: 950 Second Avenue

        Pittsburgh, PA 15219


Defendant No. 6

    Name: John D'Angelo

    Job or Title: Correctional Officer

    Shield Number:_____

    Employer: Allegheny County Jail

    Address: 950 Second Avenue

        Pittsburgh, PA 15219


Defendant No. 7

    Name: John Piendel

    Job or Title: Captain/Correctional Officer

    Shield Number:_____

    Employer: Allegheny County Jail

    Address: 950 Second Avenue

        Pittsburgh, PA 15219


Defendant No. 8

Name: Mark Falcone

Job or Title: Sergeant/Correctional Officer

Shield Number:_____

Employer: Allegheny County Jail

Address: 950 Second Avenue

Pittsburgh, PA 15219


Defendant No. 9

Name: FNU Narducci

Job or Title: Correctional Officer

Shield Number:_____

Employer: Allegheny County Jail

Address: 950 Second Avenue

Pittsburgh, PA 15219


Defendant No. 10

Name: William Wagner

Job or Title: Correctional Officer

Shield Number:_____

Employer: Allegheny County Jail

Address: 950 Second Avenue

Pittsburgh, PA 15219


Defendant No. 11

Name: Young

Job or Title: Captain/Correctional Officer

Shield Number:_____

Employer: Allegheny County Jail

Address: 950 Second Avenue

Pittsburgh, PA 15219


Defendant No. 12

Name: Frank Chronister

Job or Title: Correctional Officer

Shield Number:_____

Employer: Allegheny County Jail

Address: 950 Second Avenue

Pittsburgh, PA 15219


It is hereby noted that each of the aforementioned Defendants are being sued individually and in his/her official capacity.

# END OF SECTION I.(B.).

# II.(B.) BASIS FOR JURISDICTION

1. It is respectfully noted that Plaintiff, Carl S. Jones Jr. ("Plaintff Jones," hereinafter), hereby reallege and incorporate by reference "Sections I-IX."

2. In essence, it is hereby noted that Plaintiff Jones was a pre-trial detainee between the dates of 10/25/19-1/22/20.

3. Moving forward, Plaintiff Jones hereby avers that Defendants: (1.) Chad Cutshall, (2.) D. Schrott, (3.) Dave Weber, (4.) John D'Angelo, (5.) Mark Falcone, (6.) William Wagner, and (7.) Frank Chronister's malicious actions in utilizing excessive force against Plaintiff Jones, without provocation on 10/25/19, constituted a procedural due process error, violative of Plaintiff Jones's rights secured under the *U.S. CONST. amend. XIV.*

4. Additionally, Defendant Jesse Andrascik's malicious actions in directing Plaintiff Jones to be placed into a restraint chair without cause on 10/25/19, violated Plaintiff Jones's rights, constituting a procedural due process error, violative of the *U.S. CONST. amend. XIV.*

5. Furthermore, by witnessing and failing to correct the malicious misconduct that Plaintiff Jones was subject to on 10/25/19, due to the unnecessary use, abuse, and corporal punishment as caused by a restraint chair, Defendants John Piendel, and Sergeant ("Sgt.," hereinafter) Greenwalt's actions, and/or omissions, constituted a deliberate indifference, by failing to protect Plaintff Jones from the corporal punishment as caused by the aforementioned restraint chair, into which was violative of Plaintiff

Jones's procedural due process rights secured under the *U.S. CONST. amend. XIV*.

6. Plaintiff Jones also avers that Defendant John D'Angelo and the ACJ's Administration's failure to provide Plaintiff Jones with a written notice of the disciplinary actions and charges against him, prior to the adjudication of guilt, within the dates of 10/25/19-11/6/19, violated Plaintiff Jones's procedural due process rights secured under the *U.S. CONST. amend. XIV*.

7. Furthermore, on 11/6/19, during Plaintiff Jones's disciplinary hearing, Plaintiff Jones respectfully notified the Hearing Examiner-Defendant Captain Young, of Defendant John D'Angelo's administrative/procedural due process error, in failing to provide Plaintiff Jones with a written notice prior to the commencing of Plaintiff Jones's disciplinary hearing. However, after such notification, Defendant Captain ("Capt.," hereinafter) Young then exhibited a deliberate indifference towards Plaintiff Jones, for Plaintiff Jones asserting his right to due process of law, by then sentencing Plaintiff Jones to serve fourty-two (42) days in the Restricted Housing Unit ("R.H.U.," hereinafter). Therefore, Defendant Capt. Young's misconduct in sentencing Plaintiff Jones to serve fourty-two (42) days in the R.H.U., constituted a procedural due process error, violative of Plaintiff Jones's rights secured under the *U.S. CONST. amend. XIV*.

8. It is also noted that the aforementioned disciplinary hearing was not conducted within six (6) days of the date of the misconduct; nor was there a Caseworker present to record the minutes of the said disciplinary hearing, into which both actions and/or omissions individually and collectively constituted a procedural due process error, violative of Plaintiff Jones's rights secured under the *U.S. CONST. amend. XIV*. (*See,*

excerpts from the ACJ's "Inmate Handbook," attached hereto as "Exhibit A [1-2]").

9. Furthermore, it is also respectfully noted that the procedural due process errors as previously stated in "Paragraphs 6-7," relating to the ACJ's Personnel's failure to provide the inmates with a notice of disciplinary actions taken againt them is an ongoing unconstitutional practice in the ACJ, which will also be described in the following paragraphs regarding another issue and event.

10. It is also noted that Defendant Narducci's misconduct within the dates of 7/18/21-8/2/21, in subjecting Plaintiff Jones to serve fifteen (15) consecutive days of disciplinary confinement, without presenting to Plaintiff Jones any and all disciplinary reports, violated Plaintiff Jones's rights, constituting a procedural due process error, violative of the *U.S. CONST. amend. XIV.*

11. Furthermore, it is also noted that Plaintff Jones was never administered a disciplinary hearing sequential to Defendant Narducci's misconduct on 7/19/21, into which was also violative of Plaintiff Jones's procedural due process rights secured under the *U.S. CONST. amend. XIV.*

12. Finally, as a result of all the unconstitutional misconducts as stated herein, Plaintiff Jones sustained physical injuries resulting from the assault, and restraint chair that he was placed in on 10/25/19, into which both said misconducts individually and collectively caused Plaintiff Jones mental and emotional distress, *thus*, satisfying the requirements set forth in **42 U.S.C. §1997e(e)**.

**END OF SECTION II.(B.).**

# II.(D.) BASIS FOR JURISDICTION

1. It is hereby noted that at all times mentioned in this Complaint each Defendant acted under the color of state law, into which Plaintiff Jones seeks relief pursuant to **42 U.S.C. §1983**.

## END OF SECTION II.(D.).

# IV.(D.) STATEMENT OF CLAIM
## COUNT 1

1. On 10/25/19, at approximately 1340 hours, Plaintiff Jones was physically assaulted by Defendants: (1.) Chad Cutshall, (2.) Dave Weber, (3.) Frank Chronister, (4.) John D'Angelo, (5.) Mark Falcone, and (6.) William Wagner.

2. Prior to the aforementioned assault on Plaintiff Jones, it is hereby noted that Plaintiff Jones was already handcuffed and subdued by Defendant Chad Cutshall.

3. However, all six (6) of the aforementioned Defendants sought to retaliate against Plaintiff Jones, due to an alleged misconduct that occurred prior to Defendant Chad Cutshall placing Plaintiff Jones in handcuffs to be escorted to the R.H.U.

4. Futhermore, the aforementioned physical asssault on Plaintiff Jones consisted of all six (6) of the aforementioned Defendants performing malicious and assaultive acts, such as banging Plaintiff Jones's head and face on the Level 3 elevator wall and floor, while also applying severe pain and pressure to Plaintiff Jones's injured (left) leg.

5. It is also noted that, at no time did Plaintiff Jones do anything to provoke this said assault.

6. Furthermore, Plaintiff Jones was also verbally degraded numerous times by Defendants John D'Angelo and Mark Falcone, as the two (2) named Defendants called Plaintiff Jones degrading names, such as, "nigger," "wild monkey," and "dickhead."

7. It is also noted that after the physical assault on Plaintiff Jones was conducted,

Defendant Jesse Andrascik then directed the aforementioned Defendants to place Plaintiff Jones into a restraint chair, into which Plaintiff Jones was then strapped excessively tight into a restraint chair, while also being handcuffed and shackled excessively tight to the restraint chair, by Defendants D. Schrott, John D'Angelo, and William Wagner.

8. Plaintiff Jones was then held in the aforementioned restraint chair for eight (8) hours-twenty (20) minutes, without food, water, exercise, medication, or restroom relief, in the ACJ's intake section, Holding Cell: H9. (*See*, "Restraint Chair Report," attached hereto as "Exhibit B").

9. Furthermore, while restrained to the aforementioned restraint chair, Plaintiff Jones peacefully and respectfully consulted with Defendants John Piendel and Sgt. Greenwalt, while notifying them of his constitutional right to be free from corporal punishment, and that he was never disobeying any direct orders, and also that the use of a restraint chair was excessive and unnecessary. However, Defendants John Piendel and Sgt. Greenwalt did nothing to protect Plaintiff Jones from the corporal punishment as caused by the restraint chair described herein.

## END OF COUNT 1.

# IV.(D.) STATEMENT OF CLAIM
## COUNT 2

10. Sequential to the aforementioned incidents as previously stated in "**COUNT 1**," of this complaint; on 10/25/19, Plaintiff Jones was transferred to the R.H.U. (Pod 8E), for two separate alleged misconducts.

11. Furthermore, it is hereby noted that prior to the commencement of Plaintiff Jones's disciplinary hearing, (which was held in front of Hearing Examiner-Defendant Capt. Young), Plaintiff Jones was never issued a written notice/description of neither of the two (2) misconduct reports against him, nor was Plaintiff Jones ever informed on what the misconduct charges against him were, and/or the nature and allegations of the accusations made against him, prior to the commencing of his disciplinary hearing, which was held on 11/6/19.

12. It is also noted that during Plaintiff Jones's disciplinary hearing on 11/6/19, Plaintiff Jones respectfully notified Defendant Capt. Young of his constitutional right to be notified on the nature and allegations of the charges against him at least twenty-four (24) hours prior to the commencement of his disciplinary hearing, into which Defendants John D'Angelo, and Capt. Young *himself* (and various other ACJ Administrative Officials), had failed to administer to Plaintiff Jones.

13. However, Defendant Capt. Young then told Plaintiff Jones that his constitutional rights didn't matter any more, due to "*37 PA. Code*," allegedly stating that the ACJ's Administration and/or Personnel no longer had to administer misconduct

reports to the inmates prior to the commencing of a discplinary hearing.

14. Defendant Capt. Young then sentenced Plaintiff Jones to serve forty-two (42) days in the R.H.U.

15. Furthermore, the aforementioned disciplinary hearing was not conducted in accordance with the ACJ's own rules and regulations, due to the fact that the said hearing was not conducted within six (6) days of the date of the misconduct, nor was there a Caseworker present to record the minutes of the hearing at issue herein. (*See*, excerpts from the ACJ's "Inmate Handbook," attached hereto as "Exhibit A [1-2]).

## END OF COUNT 2.

# IV.(D.) STATEMENT OF CLAIM
## COUNT 3

16. On 7/18/21, Defendant Narducci ordered Plaintiff Jones to lock into his cell, due to Plaintiff Jones passing a piece of paper to one inmate of the general population to another inmate of the general population on Pod 6E.

17. On the following day, on 7/19/21, Defendant Narducci refused to let Plaintiff Jones attend recreation, as Defendant Narducci kept Plaintiff Jones confined to his cell for the alleged misconduct committed by Plaintiff Jones as previously stated above on 7/18/21.

18. After Plaintiff Jones noticed that he was confined to his cell for the alleged misconduct stemming from 7/18/21; on 7/19/21, Plaintiff Jones then pressed his "call button," to speak with Defendant Narducci regarding the matter herein, into which Defendant Narducci continuously ignored Plaintiff Jones's call button.

19. Upon noticing that Defendant Narducci was ignoring Plaintiff Jones's call button, Plaintiff Jones had an inmate known to himself by the name of "Jeff" ("Inmate Jeff," hereinafter), notify Defendant Narducci that Plaintiff Jones's cell confinement was violative of Plaintiff Jones's procedural due process rights, due to Defendant Narducci's failure to provide Plaintiff Jones with a disciplinary report prior to the commencing of any disciplinary actions taking place, and as to why and how long Plaintiff Jones would be confined to his cell.

20. Plaintiff Jones also had Inmate Jeff present to Defendant Narducci an excerpt

out of the ACJ's Inmate Handbook, notifying Defendant Narducci that any/all disciplinary reports had to be presented to Plaintiff Jones within three (3) hours after the report is completed, into which Defendant Narducci had failed to do so. (*See*, the Inmate Handbook excerpts that were presented to Defendant Narducci attached hereto as "Exhibit A [1-2]).

21. Upon being presented with the excerpts from the ACJ's Inmate Handbook, and informed on his administrative/procedural due process error, Defendant Narducci then began to antagonize Plaintiff Jones over the call button by telling Plaintiff Jones, "File a grievance and take that shit to the Courts with your snitch ass." Plaintiff Jones and Defendant Narducci then began to exchange words back and forth over the call button.

22. Also, after being presented with the excerpts from the ACJ's Inmate Handbook, Defendant Narducci then began to exercise a deliberate indifference towards Plaintiff Jones, for asserting his right to due process of law, by making a mockery of Plaintiff Jones's rights, as Defendant Narducci had Inmate Jeff deliver a paper to Plaintiff Jones, containing a written note from Defendant Narducci, which was clearly contrary to the rules and regulations of the ACJ's Inmate Handbook, and Plaintiff Jones's procedural due process claims. (*See*, the aforementioned "Mockery Note," attached hereto as "Exhibit C").

23. About fifteen (15) to thirty (30) minutes later, Defendant Narducci then had the "SERT," team come and escort Plaintiff Jones off of the Pod (6E), into which Plaintiff Jones was then transferred to the R.H.U. (Pod 8E).

24. Plaintiff Jones was then held in the R.H.U. from 7/19/21-8/2/21, for roughly

fourteen (14) days without having a disciplinary hearing administered to himself, nor was Plaintiff Jones ever presented with any disciplinary reports filed by Defendant Narducci at any given time.

**END OF COUNT 3.**

**END OF SECTION IV.(D.).**

# V. INJURIES

1. As a result of the physical assault performed on Plaintiff Jones, which occurred on 10/25/19, by Defendants: (1.) Chad Cutshall, (2.) Dave Weber, (3.) Frank Chronister, (4.) John D'Angelo, (5.) Mark Falcone, and (6.) William Wagner, Plaintiff Jones suffered from severe migraine headaches.

2. Furthermore, as a result of the excessive restraint, as caused by the aforementioned restraint chair that Plaintiff Jones was placed in on 10/25/19, Plaintiff Jones sustained dark bruises to his ankles, wrist, and torso, while also losing circulation in his legs, and arms, as a result of Defendants: (1.) D. Schrott, (2.) John D'Angelo, and (3.) William Wagner, maliciously tightening the straps, shackles, and handcuffs on Plaintiff Jones, as he was placed into the restraint chair. Additionally, the corporal punishment as caused by the said restraint chair has also caused Plaintiff Jones extreme mental and emotional distress.

3. Finally, the accused Defendant's misconduct in failing to provide notice of the disciplinary actions against Plaintiff Jones, prior to the commencement of his disciplinary hearings, and then detaining and illegally subjecting Plaintiff Jones to serve time in the R.H.U., has caused Plaintiff Jones mental and emotional distress, and prolonged anxiety and concern.

## END OF SECTION V.

# VI. RELIEF

**WHEREFORE,** Plaintiff Jones respectfully pray that this Court enter judgment granting Plaintiff Jones:

1. A declaration that the acts and omissions described herein violated his rights secured under the Federal Constitution and the laws of the United States; and

2. Compensatory damages in the amount of $100,000.00, against each defendant jointly and severally; and

3. Punitive damages in the amount of $100,000.00, against each defendant jointly and severally; and

4. A jury trial on all issues triable by jury; and

5. Recovery of his cost in this suit; and

6. Any additional relief this Court deems just, proper, and equitable.

## END OF SECTION VI.

Sincerely,

Carl S. Jones Jr. *(Pro Se)*

DOC No. QK9540

SCI-Coal Township

1 Kelley Drive

Coal Township, PA 17866

Date: May 9 ,2022

2